UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHANDAN UNCHAGERI, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 3862 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| YUPPTV USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Chandan Unchageri alleges in this suit that YuppTV USA, Inc., a provider of online television content, sent him a series of unsolicited text messages in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*. Doc. 14. The court previously dismissed a related entity, YuppTV, Inc., for want of personal jurisdiction after Unchageri conceded that it had no Illinois-related contacts. Doc. 26 at 1-2; Doc. 29. In addition, the court previously struck the operative complaint's class allegations after putative class counsel failed without adequate justification to serve any discovery requests during the four-month discovery period and after Unchageri himself failed to comply with his own discovery-related obligations as the putative class representative. Doc. 45. Now before the court is YuppTV USA's motion to dismiss Unchageri's individual claims under Federal Civil Procedure Rule 12(b)(6). Doc. 19. The motion is denied.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N.*

1

*Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Unchageri's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013). The facts are set forth as favorably to Unchageri as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

Before proceeding, the court notes that YuppTV USA appears to contend that its service on Unchageri of a Rule 11(b) motion—in response to which, it contends, he amended his complaint—enables the court to look past the pleadings to ascertain the underlying truth of his allegations. Doc. 20 at 3. But YuppTV USA cites no authority for this contention, and in the absence of a *filed* Rule 11 motion, the court at this juncture cannot address, let alone determine, whether Unchageri's factual allegations are true. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."); *Lance v. Betty Shabazz Int'l Charter Sch.*, 2014 WL 340092, at *1 (N.D. Ill. Jan. 29, 2014) ("Despite Defendants' urging that the Court sanction Plaintiff's attorney for what they characterize as insincere motives, the Court will accept well-pleaded facts as true and will draw all reasonable inferences in Plaintiff's favor.").

YuppTV USA is an internet-based television service, specializing in providing South Asian media programming. Doc. 14 at ¶ 4. In the six-month period from May 2015 to November 2015, YuppTV USA sent or caused to be sent twelve promotional text messages to

Unchageri's cell phone using an automatic telephone dialing system ("ATDS"). *Id*. at ¶¶ 15, 17; Doc. 14-1 (screenshots of the twelve text messages). Unchageri did not consent to receiving those messages, nor did he have an account with YuppTV USA. Doc. 14 at ¶¶ 26-28.

Offering deals on YuppTV USA's programming, the texts appeared on Unchageri's phone as though they had come from seven different phone numbers with seven different area codes. *Id*. at ¶ 16; Doc. 14-1. Several days after receiving the eighth unwanted message on June 26, Unchageri attempted to unsubscribe, texting back "Stop." Doc. 14 at ¶¶ 18-19. He received this text message in response: "You have successfully been unsubscribed. You will not receive any more messages from this number." *Id*. at ¶ 19 (emphasis omitted). Unchageri, however, received several more unwanted texts from YuppTV USA, albeit from different phone numbers. *Id*. at ¶¶ 20-22. Unchageri attempted to unsubscribe again on October 10, but received another unwanted promotional text the next month. *Id*. at ¶¶ 23-25.

## Discussion

### I. TCPA Claim

Count I of the operative complaint alleges that YuppTV USA's text messages violated the TCPA. *Id*. at ¶¶ 33-51. As relevant here, the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] … to any telephone number assigned to a … cellular telephone service … ." 47 U.S.C. § 227(b)(1)(A)(iii). The statute defines an ATDS as "equipment which has the capacity … to store or produce telephone numbers to be called, using a random or sequential number generator; and … to dial such numbers." *Id*. § 227(a)(1). The parties agree that a text message is a "call" within the meaning of the TCPA. Doc. 14 at ¶ 13; Doc. 20 at 8; *see Blow v.*

*Bijora, Inc.*, 855 F.3d 793, 798 (7th Cir. 2017); *Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1000-01 (N.D. Ill. 2014).

YuppTV USA contends that Unchageri fails to state a viable TCPA claim for two reasons. First, it argues that Unchageri does not "plead[] … facts to plausibly support the contention that the at-issue text messages were sent without human intervention," and thus fails to meet the statute's requirement that the alleged violator have used an ATDS to send the text messages. Doc. 20 at 9. Second, YuppTV USA argues that Unchageri fails to allege that he did not give it prior express consent to send him text messages. *Id*. at 10. Both arguments fail.

As to the first, Rule 8(a) "require[s] plaintiffs to plead *claims* rather than facts corresponding to the elements of a legal theory." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). Thus, "it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Ibid*. Rather, the plaintiff need plead only "a plausible claim, after which '[he] receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Ibid*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen.") (emphasis in original); *Redbox Automated Retail, LLC v. Xpress Retail LLC*, 2018 WL 950098, at *2 (N.D. Ill. Feb. 20, 2018) (same).

Here, Unchageri has provided far more than a bare allegation that YuppTV USA used an ATDS in sending him the unsolicited text messages, making it plausible that it in fact did so. The screenshots of the twelve text messages attached to the complaint reflect that Unchageri twice received this identical message from two different numbers: "We miss you at YuppTV!

4

Please take time out to check this exclusive offer just for you.  Kannada Channels @ $69.99/year.  Call 18666637557 or http://goo.gl/RUh1Lv." Doc. 14-1 at 2-3; *see Izsak v. Draftkings, Inc.*, 191 F. Supp. 3d 900, 904-05 (N.D. Ill. 2016) (considering screenshots of text messages in determining whether the plaintiff had plausibly alleged that the defendant used an ATDS).  Unchageri received another message—"YuppTV challenge offer Lowest price guaranteed or else you win 1 month on yearly pack.  Call 18666637557 or http://goo.gl/OxsmWL Reply STOP to unsubscribe"—five times from two different numbers.  Doc. 14-1 at 3-6.

Unchageri's factual allegation, backed up by the screenshots, that he received the same or essentially the same messages from different phone numbers is "indicative of [their] impersonal and automatic nature." *Sojka*, 35 F. Supp. 3d at 1003.  And the alleged content of the twelve messages—each providing promotional offers and pricing for YuppTV USA's subscription packages, a 1-800 number, and a link to a website (sometimes, directly to www.yupptv.com; other times, to sites beginning with http://goo.gl), Doc. 14-1—"suggests that [they are] from an institutional sender without any personalization." *Abbas v. Selling Source, LLC*, 2009 WL 4884471, at *3 (N.D. Ill. Dec. 14, 2009).  Thus, while Unchageri has not *proved* that YuppTV USA used an ATDS to send him the text messages, proof is not necessary at this stage, only plausibility, and the complaint together with its exhibits plausibly allege that YuppTV USA did just that.  *See Collins v. Travel, Entm't, & Mktg., LLC*, 2017 WL 85446, at *4 (N.D. Ill. Jan. 10, 2017) (in denying dismissal of a TCPA claim, stating: "The messages were generic and aimed not at Plaintiff personally, but at a large group of potential customers, i.e., individuals who have some involvement with sorority or fraternity formals.  They do not provide any way for Plaintiff to reach a human, but instead were sent from an SMS 'short code' and merely provide links to

Defendant's websites to check out the services Defendant offers."); *Serban v. Cargurus, Inc.*, 2016 WL 4709077, at *4 (N.D. Ill. Sept. 8, 2016) (denying dismissal of a TCPA claim where the plaintiff "reproduce[d] the exact language of the text message, which was both promotional and generic in nature"); *Izsak*, 191 F. Supp. 3d at 905 (holding that it was "plausible … that the generic nature of the message indicates it was actually sent from an institutional sender for marketing purposes and only crafted to appear personalized").

As to YuppTV USA's second argument, that Unchageri fails to allege that he did not give prior express consent to receiving the text messages, Seventh Circuit precedent explicitly forecloses it. "Express consent is an affirmative defense on which the defendant bears the burden of proof." *Blow*, 855 F.3d at 803. Accordingly, even assuming that Unchageri does not plead the lack of express consent, the court may not dismiss his TCPA claim on that ground. *See Stuart v. Local 727*, 771 F.3d 1014, 1018 (7th Cir. 2014) ("A plaintiff is not required to negate an affirmative defense in his or her complaint … ."); *Levin v. Miller*, 763 F.3d 667, 671 (7th Cir. 2014) ("The Court held in *Gomez v. Toledo*, 446 U.S. 635 (1980), that complaints need not anticipate affirmative defenses; neither *Iqbal* nor *Twombly* suggests otherwise.").

## II.   ICFA Claim

Count II of the operative complaint alleges that YuppTV USA's text messages—and, in particular, its failure to follow through on its promise to unsubscribe Unchageri from its promotional texts—violated ICFA. Doc. 14 at ¶¶ 52-69. ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). "The elements of a claim under ICFA are: (1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the

plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010); *see also Robinson*, 775 N.E.2d at 960. In addition, the allegedly unfair or deceptive acts must have proximately caused the plaintiff to suffer actual damage. *See Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002) ("[A] private cause of action brought under section 10a(a) requires proof of 'actual damage.' Further, a private cause of action brought under section 10a(a) requires proof that the damage occurred 'as a result of' the deceptive act or practice. As noted previously, this language imposes a proximate causation requirement.") (citations omitted); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513-14 (7th Cir. 2006) (same). ICFA prohibits both "unfair" and "deceptive" acts or practices. 815 ILCS 505/2. Allegations of unfair acts under ICFA are subject to Rule 8(a)'s general pleading standard, while allegations of deceptive acts "sound[ ] in fraud" and are therefore subject to Rule 9(b)'s heightened pleading standard. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446-47 (7th Cir.2011) (citation and internal quotation marks omitted).

YuppTV USA argues that Unchageri has not pleaded "the threshold element of a deceptive act or practice" with the particularity demanded by Rule 9(b). Doc. 20 at 11. Even setting aside the fact that Unchageri's ICFA claim also arises under the statute's unfairness prong, Doc. 14 at ¶ 66, YuppTV USA's argument fails because it relies exclusively on facts outside the pleadings. Doc. 20 at 3-5, 11-12 (citing YuppTV USA's Rule 11(b) motion and Unchageri's "recent discovery responses and admissions," which according to YuppTV USA show that Unchageri had several accounts with YuppTV USA and paid to subscribe to a YuppTV USA service, and therefore that Unchageri "was not deceived by the opt-out confirmations that he received"). Those argument may be appropriate on summary judgment,

but they offer no basis on which to dismiss Unchageri's ICFA claim under Rule 12(b)(6). *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice."); *Culver Franchising Sys., Inc. v. Steak N Shake Inc.*, 2016 WL 4158957, at *3 (N.D. Ill. Aug. 5, 2016) (disregarding on a Rule 12(b)(6) motion exhibits falling outside the pleadings); *City of Evanston v. Texaco, Inc.*, 19 F. Supp. 3d 817, 827 (N.D. Ill. 2014) (disregarding on a Rule 12(b)(6) motion "evidence adduc[ing] facts not referenced in the complaint and not subject to judicial notice").

## Conclusion

YuppTV USA's motion to dismiss is denied, and it shall answer the surviving portions of the operative complaint by March 21, 2018.

March 7, 2018

United States District Judge